# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 17-23706-CIV-GAYLES/WHITE

**ORLANDO SERGIO MESA,**
    Petitioner,

v.

**JULIE JONES,**
    Respondent.
_____/

## AMENDED ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 4]. Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 attacking his conviction and sentence entered following a guilty plea in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida [ECF No. 1]. The matter was referred to Judge White, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 2]. Judge White's Report recommends that the Court dismiss the Petition as time-barred.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Petitioner's objections to the Report were due on October 31, 2017. In the absence of timely objections reflected in the docket and finding no clear error in the Report, the Court entered an order on November 2, 2017, affirming and adopting the Magistrate Judge's Report. [ECF No. 5]. Thereafter, on November 27, 2017, Petitioner's objections to the Report were entered into the docket. [*See* ECF No. 7]. That filing indicates that Petitioner's objections were mailed on October 30, 2017. [*See id.* at 3]. Thus, Petitioner's objections were timely, notwithstanding the delay in their entry on the docket.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

This Court, having now conducted a *de novo* review of the record, agrees with Judge White's analysis. Petitioner did not appeal the trial court order of February 26, 2016, and thus the one-year limitation period under 28 U.S.C. § 2244 began to run on March 28, 2016, after the thirty-day window to appeal expired. Because Petitioner did not appeal the trial court's order, he could not have petitioned for certiorari review with the United States Supreme Court. Therefore, the tolling period set forth in *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), is inapplicable.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge White's Report and Recommendation [ECF No. 4] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2) the Petition [ECF No. 1] is **DISMISSED**;

(3) no certificate of appealability shall issue; and

(4) this case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of November, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE